# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

HEATHER M. ROSADO,      )
                                      )
         Plaintiff,        )
                                      )
       v.                      )      C.A. No. N19C-12-242 CEB
                                      )
STATE FARM MUTUAL       )
AUTOMOBILE INSURANCE    )
COMPANY,                 )
                                      )
         Defendant.      )

Submitted: April 22, 2020
Decided: July 9, 2020

*Defendant's Motion to Dismiss*.
**GRANTED**

## MEMORANDUM OPINION

Gary S. Nitsche, Esquire, WEIK NITSCHE & DOUGHERTY, LLC, Wilmington, Delaware. Attorney for Plaintiff.

Robert D. Cecil, Esquire, TYBOUT REDFEARN & PELL, Wilmington, Delaware. Attorney for Defendant.

**BUTLER, J.**

## INTRODUCTION

This is an action for underinsured motorist coverage, instituted by a Plaintiff who, having received the $25,000 policy limits from the insured tortfeasor, seeks additional compensation from her insurer, State Farm Mutual Automobile Insurance Company ("State Farm").

The Plaintiff is a resident of the State of Maryland. She signed a contract of insurance with State Farm, an Illinois corporation, in the State of Maryland that included underinsured motorist coverage. She was involved in an automobile accident in the State of Maryland with a tortfeasor that is described alternately as a resident of Delaware and Maryland, depending on whose pleading one reads.

The tortfeasor was insured and the insurance company paid over the $25,000 policy limits in satisfaction of the tortfeasor's liability for Plaintiff's claim. Thereafter, Plaintiff filed suit against her own insurer, State Farm, in this Court. State Farm has moved to dismiss, arguing alternately that this Court does not have personal jurisdiction over State Farm in this matter and that, even if it does, Delaware is an inconvenient forum in which to litigate the dispute. Because the Court finds that it is without personal jurisdiction over State Farm for this dispute, it need not address State Farm's alternate argument concerning forum *non conveniens*.

## DISCUSSION

The evolving law of jurisdiction analyzes issues of personal jurisdiction along two tracks: specific jurisdiction and general jurisdiction. General jurisdiction is said to apply when the defendant is sued in the forum for non-forum related conduct. Such cases may be brought in the state where the defendant is incorporated or where it locates its principal place of business or where it has so situated its business as to be essentially "at home" in the forum. State Farm is incorporated in the State of Illinois and wherever its principal place of business is (the parties do not say) we know it is not Delaware. Other than "doing business" in Delaware, there is no credible argument raised that Delaware and State Farm have such an affiliation as to render it subject to suit for non-forum related activity. Thus, Plaintiff cannot lay a claim to general jurisdiction in Delaware.

Specific jurisdiction, on the other hand, arises from conduct in the forum itself, such as a car accident or other tort. That jurisdiction derives from the forum's interest in adjudicating issues among its citizens or over mishaps that occur within its borders. These two species of jurisdiction are fleshed out in a number of U.S.

2

Supreme Court decisions in recent years[1] and are discussed in more detail by this Court in *In re Talc Product Liability Litigation*.[2]

In this case, the accident occurred in Maryland. If we consider the "claim" as one involving State Farm's contractual undertaking to pay the insured when the tortfeasor is unavailable or unable to pay, that too arose in Maryland.[3] The only relationship between Delaware and this dispute is that a non-party, the tortfeasor, may or may not live here. Thus, Plaintiff seeks to bring State Farm into a Delaware Court based on conduct that is unrelated to Delaware. That can only be done if Plaintiff can establish general jurisdiction in Delaware and Plaintiff has not even attempted to do so.

Plaintiff directs the Court to 10 Del. C. §3104, the Delaware Long Arm Statute. But the long arm statute is only as broad as the Due Process Clause will

---

[1] *See, e.g., Goodyear Dunlop Tires Operations, S.A. v. Brown.* 564 U.S. 915 (2011); *Daimler AG v. Bauman*, 571 U.S. 117 (2014); *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County,* 137 S.Ct. 1773 (2017).

[2] 2018 WL 4340012 (Del. Super. Sept. 10, 2018) (Butler, J.)

[3] Indeed, in *Sessoms v. Richmond*, 2017 WL 6343548 (Del. Super. Dec. 8, 2017), the Superior Court ruled that an uninsured motorist claim "arose" in the state where the contract of insurance was made, not the forum where the accident occurred.

allow it to be, and cases interpreting the constitutional reach of personal jurisdiction supersede conflicting language in the long arm statute.[4]

But even if we engage Plaintiff in the long arm statute analysis she seeks, she is no better off.  Plaintiff says that "a non-resident defendant is subject to personal jurisdiction in Delaware when that entity" does any of the enumerated acts in 10 Del. Code §3104(c),[5] but the statute actually says it may be utilized to obtain non-resident jurisdiction "As to a cause of action brought by any person *arising from any of the acts enumerated in this section…*"[6]  Those enumerated acts all relate to events or things having a relationship to this state; in other words, specific jurisdiction.  Thus, Plaintiff's reading of the long arm statute to confer general jurisdiction over non-forum related activity is overly broad to the extent she seeks to confer upon the Court an authority not granted by the U.S. Constitution or even the language of the statute itself.

Plaintiff's brief in resistance to State Farm's motion says that "Defendant is a large insurance company that regularly transacts their business and writes insurance policies in Delaware" and that "Defendant advertises for their insurance agents physically located in Delaware and issues a large number of insurance policies every

---

[4] *See generally Genuine Parts Company v. Cepec,* 137 A.3d 123 (De. 2016) (striking down Delaware's foreign corporate registration statute to the extent it conflicts with *Daimler*).
[5] Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, D.I. 7, ¶7
[6] 10 Del. C. §3104(c) (emphasis added).

year."[7] These arguments may well have carried the day, well, back in the day. But *Goodyear, Daimler AG,* and *Bristol-Myers Squibb* have changed the rubric for determining personal jurisdiction and these attributes of "doing business" in Delaware are insufficient to confer general jurisdiction in Delaware over a dispute that is otherwise unknown to this state.

## CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendant State Farm's motion to dismiss.

**IT IS SO ORDERED**.

Judge Charles E. Butler

---

[7] Plaintiff's Response in Opposition, D.I. 7, ¶8.